IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATHI ELTAREB, an individual; El Tareb Market #2, a sole proprietorship,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:16-cv-00904-LJO-SAB<br><br>PROTECTIVE ORDER BETWEEN THE PLAINTIFFS AND UNITED STATES OF AMERICA<br><br>(ECF No. 21) |

Plaintiffs Fathi Eltareb and El Tareb Market #2, ("Plaintiffs"), and Defendant United States stipulate, by and through their undersigned counsel, to allow the Food and Nutrition Service ("FNS") to request and obtain from the State of California and/or its authorized processor, and to disclose to Plaintiffs' counsel the names and addresses and household identifying numbers of the recipients of Supplemental Nutrition Assistance Program ("SNAP") benefits involved in the transactions identified in the attachments to the letter dated February 16, 2016, from Jocelyn Keh, Section Chief, Retailer Operations Division, United States Department of Agriculture, Food and Nutrition Service, Supplemental Nutrition Assistance Program, to Fathi El Tareb, regarding the transactions that occurred at Plaintiff's store during the time period of August 2015 to January 2016.

Plaintiffs requested information to identify certain households associated with the transactions at issue in this litigation using their Electronic Benefit Transfer ("EBT") cards by name, address and household number, referenced in the letter dated February 16, 2016, and which transactions occurred at Plaintiff's store during the time period of August 2015 to January 2016. The parties acknowledge that

the FNS does not possess or control the state-administered databases containing the actual names and addresses of the subject EBT card users, which identifying information is held by the State of California. FNS only has access to information contained in the state-administered databases for its internal purposes relating to investigations of suspicious EBT transactions. Understanding that FNS does not possess the requested information, it is the agreement of the parties that the United States is allowed to request from the State of California and/or its authorized processor, consistent with the Privacy Act, and the Food Stamp regulations, the disclosure of the names, addresses, and household numbers of the EBT users relevant to this litigation.

Additionally, the parties further agree that the requested information regarding the individuals or households who used EBT cards issued under the Food Stamp Program and accompanying regulations (7 U.S.C. § 2011 *et seq.* and 7 C.F.R. § 271 *et seq.*) at El Tareb Market # 2 contain personal information that is protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552(a) *et seq.*, and the Food Stamp Program and federal regulations promulgated thereunder. *See* 7 U.S.C. § 2020(e)(8) and 7 C.F.R. § 272.1(c). Hence, this Stipulated Protective Order is entered for the purpose of balancing the Congressionally-legislated restraints on discovery relating to privacy protections against the need to facilitate discovery in this action.

Accordingly, the parties hereby agree that that United States is allowed to request from the State of California or its processor, consistent with the Privacy Act and the Food Stamp regulations, the disclosure of the names, addresses, and household numbers of the EBT users relevant to this litigation as further addressed below:

1. The United States may obtain from the State of California and/or its processor, and then produce to Plaintiffs, through their counsel, information identifying users of EBT cards for transactions that are identified in the attachments to the letter dated February 16, 2016, from Jocelyn Keh, Section Chief, Retailer Operations Division, United States Department of Agriculture, Food and Nutrition Service, Supplemental Nutrition Assistance Program, to Fathi El Tareb and which transactions occurred at Plaintiff's store during the August 2015 to January 2016 time period ("Protected Information").

2. Such Protected Information shall be disclosed by the United States only to Plaintiffs through Plaintiff's attorneys. Plaintiffs and their attorneys shall not disclose any of the Protected

Information to any person unless the disclosure is reasonably and in good faith calculated to aid in the claims or defenses of this court action. Plaintiffs' attorneys shall ensure that any person (except court personnel) to whom disclosure may be made pursuant to this Order shall, prior to such disclosure, have read, understood, and acknowledged in writing an agreement to be bound by this Order, and shall provide a copy of said signed acknowledgment to counsel for United States.

3. Neither Plaintiffs, nor their attorneys, nor any individual to whom they have made such disclosure, shall make any further disclosure of information covered under this Order without further leave of court.  Any Protected Information disclosed to Plaintiffs shall be used only to pursue or defend any claims in this court action.  The parties jointly agree that this Protective Order will protect against disclosure of private information outside of this litigation.

4. Upon conclusion of this action (including appeals), all copies of Protected Information released to Plaintiffs under this Order, excepting exhibits entered into evidence and documents filed with the Court, shall be returned within a reasonable period by Plaintiffs' attorneys to counsel for United States.

5. Nothing in this Stipulated Protective Order constitutes any decision by the Court concerning discovery disputes, or the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction of documents, nor does this Stipulated Protective Order constitute a waiver by any party of any right to object to discovery or admission into evidence of any document or record subject to this Order on other grounds.

DATED:  November 15, 2016	FRAME, MATSUMOTO & COELHO LLP

(As authorized 11/14/2016)
*/s/ Gary J. Coelho II*
GARY J. COELHO II
Attorneys for Plaintiffs

DATED:  November 15, 2016	METROPOLITAN LAW GROUP, PLLC

(As authorized 11/14/2016)
*/s/ Andrew Z. Tapp*
ANDREW Z. TAPP, PHV
Attorneys for Plaintiffs

DATED: November 15, 2016        PHILLIP A. TALBERT
                                                Acting United States Attorney

                                                (As authorized 11/14/2016)
                                                */s/ Alyson A. Berg*
                                                ALYSON A. BERG
                                                Assistant United States Attorney
                                                Attorneys for Defendant,
                                                United States of America

## ORDER

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The protective order is entered;
2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and
3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: **November 16, 2016**        _____
                                                UNITED STATES MAGISTRATE JUDGE